IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| JASON BRADLEY KENNEDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:25-CV-000049-H-BU |
| TEXAS TRUST CREDIT UNION, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER REQUIRING SCHEDULING CONFERENCE AND REPORT FOR PROPOSED SCHEDULING ORDER

Under Federal Rules of Civil Procedure 16(b) and 26(f), and the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas, the Court enters this Order to promote possible early settlement and to facilitate entry of a scheduling order. This Order is being sent to all counsel and unrepresented parties who have appeared. If there are other Defendants who have not appeared, but who have been in contact with the Plaintiff or Plaintiff's counsel, then Plaintiff's counsel—or the Plaintiff if the Plaintiff is unrepresented—is responsible for contacting those Defendants and making every effort to ensure their meaningful participation in the scheduling conference.

**Meeting Requirements**

Lead counsel for each party (or a designee attorney with appropriate authority) and any unrepresented party must conduct a scheduling conference as soon as practicable, but no later than **August 15, 2025**. During the scheduling conference, the parties must consider

1

(1) the nature and basis for their claims and defenses; (2) the possibilities for a prompt resolution of the case; (3) arrangements for the disclosures required by Rule 26(a)(1); and (4) the preparation of the report described below. A face-to-face meeting is likely the most productive type of conference, but the Court will permit the parties to determine the conference's form. Following the scheduling conference, counsel must file no later than **August 22, 2025,** a Joint Report for Proposed Scheduling Order. The Joint Report must include a status report on settlement negotiations but without reference to settlement figures.

### Report Requirements

The Joint Report must include the following in separate paragraphs:

a. A brief but specific description of the nature of the case and the parties' contentions, including (i) the key, disputed issues raised by each claim or defense; and (ii) the specific relief each party seeks, including the amount or form of each type of relief sought and the basis for that relief;

b. A brief but specific explanation of the basis for this Court's jurisdiction over this action and the parties including, in any action for which diversity jurisdiction is alleged, a specific description of the citizenship of the parties, and a brief but specific description of any challenges to jurisdiction or venue, including, any challenges to procedural or jurisdictional defects in the removal of a case from state court;

c. A proposed deadline to file motions for leave to join other parties;

d. A proposed deadline to amend the pleadings;

e. Proposed deadlines to file various types of motions, including dispositive motions. The dispositive-motion deadline must be at least 90 days before trial and, absent good cause, occur after the discovery deadline;

f. A proposed deadline for initial designation of experts, and a brief description of the issues the parties expect will require expert testimony;

g. A proposed deadline for responsive designation of experts;

h. A proposed deadline for objections to experts (i.e., *Daubert* and similar motions);

i. A proposed schedule for discovery, a statement of the subjects on which discovery may be needed, proposed deadlines for factual discovery and expert discovery, and a proposal regarding any limits that should be placed on discovery under Rule 26(b) or other authority;

j. A statement of stipulated facts or other undisputed matters;

k. A proposal for retention, disclosure, and discovery of electronically stored information (ESI) and a statement of any disputes regarding the disclosure or discovery of ESI, including the need for a protective order and the form and manner in which ESI should be produced and organized. *See* Fed. R. Civ. P. 34(b)(2)(E)(i)–(iii);

l. A proposal for the handling of privileged or otherwise protected material that should be reflected in a court order;

m. A proposed ready-for-trial date, estimated length of trial, and whether a jury will be required. Absent exceptional circumstances, the proposed ready-for-trial date should be no later than 18 months after the filing of the initial complaint or notice of removal;

n. A proposed date and desired format for Alternative Dispute Resolution;

o. The date Rule 26(a)(1) disclosures were made or will be made, unless exempted under Rule 26(a)(1)(B), and any objections to initial disclosures asserted at the scheduling conference;

p. Whether the parties will consent to trial, either jury or non-jury, before U.S. Magistrate Judge Parker. *See* Fed. R. Civ. P. 73(b)(1). Consent to a magistrate judge's authority is voluntary. Any party is free to withhold consent without adverse substantive consequences. *See* 28 U.S.C. § 636(c)(2); Fed. R. Civ. P. 73(b)(2);

q. Any other proposals regarding scheduling and discovery the parties believe will facilitate scheduling or trial preparation;

r. Whether a conference with the Court is desired and the proposed topic(s); and

  s. Any other matters that should be brought to the Court's attention, including other orders that should be considered by the Court under Rules 16(b), l6(c), or 26(c).

All parties must participate fully in preparing joint suggestions, but if agreement cannot be reached as to a matter, the Joint Report must reflect the parties' respective views and an explanation for why agreement could not be reached.

**Joint Responsibility for Timely Proposal**

Unless Plaintiff is unrepresented, lead counsel for Plaintiff is responsible for (1) contacting opposing counsel and all unrepresented parties to arrange the scheduling conference, and (2) drafting and filing the Joint Report. Lead counsel and unrepresented parties are equally responsible for ensuring timely compliance with this Order. At least one counsel for each party and all unrepresented parties must sign the Joint Report prior to filing.

Under Federal Rule of Civil Procedure 16(b)(2), the Court "must issue the scheduling order as soon as practicable but, unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Thus, any request for an extension of time to file the Joint Report will be denied absent a showing of good cause.

**Scheduling Order**

Unless a scheduling conference with the Court is set, a scheduling order will be issued following the Court's review of the Joint Report. Once the scheduling order issues, a continuance of the trial date will not be granted absent extraordinary circumstances.

The deadlines in this Order are for filing or serving and are not mailing dates. The parties are cautioned that failing to comply with any part of this Order may result in the imposition of sanctions. *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(f).

ORDERED this 16th day of July 2025.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE