UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JASON BRADLEY KENNEDY,

     Plaintiff,

v.                                                                                    No. 6:25-CV-049-H

TEXAS TRUST CREDIT UNION, et al.,

     Defendants.

**ORDER**

Before the Court is Defendant Texas Trust Credit Union's (TTCU) Motion to Dismiss for Failure to State a Claim (Dkt. No. 9) and the Findings, Conclusions, and Recommendations (FCR) (Dkt. No. 19) of Magistrate Judge John R. Parker. The plaintiff, Jason Kennedy, has objected to the FCR (Dkt. No. 20), and TTCU has responded to the objections (Dkt. No. 21). The Court overrules the objections, accepts and adopts the FCR, and dismisses with prejudice[1] Kennedy's Fair Credit Reporting Act (FCRA) claims against TTCU. Further, because Kennedy's remaining claim for breach of contract against Defendant Assurant, Inc. is pending under the Court's supplemental jurisdiction, the Court dismisses Kennedy's claim against Assurant without prejudice to being refiled in state court.

---

[1] The FCR recommends that the Court dismiss "Kennedy's claims against TTCU without prejudice." Dkt. No. 19 at 10. The Court takes this to be a "clerical error." *See Wall v. Debt Relief Grp., LLC*, Civ. A. No. SA-09-CA-637, 2010 WL 11601104, at *1 n.1 (W.D. Tex. July 13, 2010). "Generally, dismissals under Rule 12(b)(6) are on the merits and should be with prejudice." *Thomas v. Esper*, No. 5:18-CV-110, 2019 WL 3026951, at *7 n.9 (E.D. Tex. May 22, 2019) (citing *Csorba v. Varo, Inc.*, 58 F.3d 636, 636 (5th Cir. 1995)).

1.    **Factual and Procedural Background[2]**

In April 2022, Kennedy opened an auto loan with TTCU.  Dkt. No. 5 at 3.  At the same time, he purchased two insurance policies: an auto insurance policy from Geico and a GAP insurance policy from Assurant.  *Id.*  In May 2024, Kennedy's vehicle was badly damaged in a hailstorm; at the time, Kennedy's loan balance was $29,923.00.  *Id.*  The following month, Geico paid TTCU $24,163.56, leaving $5,759.44 remaining on Kennedy's loan balance.  *Id.*  TTCU assured Kennedy that Assurant's GAP insurance would cover the remaining balance and filed an insurance claim on Kennedy's behalf.  *Id.*  Shortly afterwards, Assurant requested a police report from Kennedy, who explained that there was no police report because the car was damaged by hail.  *Id.*  In early September 2024, Assurant admitted that it had not paid TTCU the GAP insurance payment due to a system error, and it mailed a check to TTCU the following week.  *Id.* at 4.

Because the GAP insurance was supposed to cover the remaining balance, Kennedy did not make monthly payments in July, August, or September 2024.  Dkt. Nos. 5 at 3–4; 9 at 3–4.  TTCU's reports to Consumer Reporting Agencies (CRAs) marked Kennedy's account as 30 days delinquent in July 2024 and 60 days delinquent in August and September 2024.  Dkt. No. 5 at 4.  Kennedy's creditworthiness suffered as a result.  *Id.*

Kennedy filed two disputes with three CRAs, first in November 2024 and again in January 2025, to have his credit report altered.  *Id.* at 4–5.  The CRAs—Experian, Equifax, and Transunion—forwarded each dispute to TTCU along with accompanying

---

[2] The factual allegations are recited from the Magistrate's FCR.  *See* Dkt. No. 19 at 2–3.  The Court has reviewed the factual allegations in the amended complaint (Dkt. No. 5) and finds no error in the Magistrate's recitation of the alleged factual background.  As noted in the FCR, "[t]he facts in this case are largely undisputed."  Dkt. No. 19 at 2.

documentation. *Id.* Both times, TTCU responded that the disputed information was accurate and should remain unchanged. *Id.* at 5. Kennedy alleges that he suffers from credit denials, lower credit limits, and emotional distress as a result of these events. *Id.* at 6.

Kennedy filed his amended complaint in June 2025, alleging that TTCU negligently and willfully violated the FCRA by publishing inaccurate credit information, failing to properly investigate Kennedy's credit disputes, and failing to correct the inaccurate information on his credit report. *Id.* at 7–9. He also brings a claim against Assurant for breach of contract under Texas law for an alleged failure in honoring the GAP insurance claim. *Id.* at 9–10.

After reviewing the filings and the applicable law, Magistrate Judge Parker issued a FCR recommending that the Court dismiss Kennedy's claims against TTCU without prejudice, decline to exercise supplemental jurisdiction over Kennedy's remaining state law breach of contract claim against Assurant, and dismiss that state law claim without prejudice to being refiled in state court. Dkt. No. 19 at 10. Kennedy timely objected (Dkt. No. 20), and TTCU responded (Dkt. No. 21). TTCU's motion to dismiss is now ripe and before the Court.[3]

## 2.    Legal Standards

A party who seeks to object to any part of a Magistrate Judge's FCR must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Where a party timely objects, a magistrate judge's FCR regarding a dispositive matter is reviewed de novo. Fed. R. Civ. P. 72(b)(3). The

---

[3] The Court also reviewed and considered Kennedy's response to the motion to dismiss (Dkt. No. 14) and TTCU's reply (Dkt. No. 15) when reviewing the FCR and objections.

district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.* Objections to the FCR must be "specific," in that they must "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Thompson v. Bumpas*, No. 4:22-CV-640, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citing *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex. 2020)). The district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

3.    **Analysis**

Having carefully reviewed Kennedy's amended complaint, the motion to dismiss and related filings, the FCR, Kennedy's objections, and TTCU's response to the objections, the Court concludes that the FCR should be adopted in full. In short, as detailed thoroughly in the FCR, Kennedy's claims require dismissal for failure to state a claim against TTCU. Kennedy's claims are deficient because they rest upon erroneous conclusions of law. Further, Kennedy's objections, while specific and properly made, lack legal merit, and thus do not warrant modifying or rejecting the FCR. Finally, because the Court concludes that the claims against TTCU should be dismissed, the Court declines to exercise supplemental jurisdiction over Kennedy's state law breach of contract claim against Assurant.

As discussed comprehensively in the FCR, each of Kennedy's claims against TTCU should be dismissed. *See* Dkt. No. 19 at 5–9. Kennedy alleges TTCU violated the FCRA because TTCU (1) published inaccurate credit information (2) failed to fully and properly

– 4 –

investigate his credit disputes, and (3) failed to correctly report the results of an accurate investigation. Dkt. No. 5 at 7–9.  The Magistrate Judge determined that the disputed credit information must be inaccurate in order to bring an FCRA claim.  Dkt. No. 19 at 5–6 (citing *Spencer v. Specialized Loan Servicing, LLC*, No. 3:19-CV-1536, 2021 WL 4552548, at *6 (N.D. Tex. Sept. 1, 2021)).  As noted in the FCR, *Spencer* cites several cases supporting the conclusion that the disputed credit information must be inaccurate.  *Id.*  Thus, Kennedy must show that the credit information was either patently incorrect or misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998).

Kennedy's first objection relates to the Magistrate Judge's statement in the FCR that he "concedes that the reported deficiencies are not 'patently incorrect,' as he admits that he did not make payments on the dates at issue."  Dkt. No. 20 at 1–2 (citing Dkt. No. 19 at 6–7).  As noted in TTCU's response to the objection, mere imprecision does not render information inaccurate.  Dkt. No. 21 at 2.  Kennedy must indeed clear the threshold requirement of showing that the credit reports at issue were (1) patently incorrect or (2) misleading in such a way and to such an extent that they can be expected to adversely affect credit decisions. *Sepulvado*, 158 F.3d at 895.  Here, Kennedy has not, and cannot, dispute that no payments were made in June, July, or August of 2024—thereby making his account 30 days past due in July and 60 days past due thereafter.  Thus, there is no error in the FCR on this issue.  Concluding that Kennedy's first objection lacks legal merit, the Court overrules it.

Kennedy's second objection is that the Magistrate Judge failed to consider that a report can be actionable if it is technically correct but is misleading in a way that could

adversely affect credit decisions.  Dkt. 20 at 2–3.  Specifically, Kennedy disputes the FCR's

conclusion that the reason for the late payments is irrelevant even if the late payment is

technically correct on a report.  *Id.* at 3.  He contends that that information can be

"inaccurate" if it is misleading in a way that could adversely affect credit decisions, even if

"technically correct" and cites *Pinner v. Schmidt*, 805 F.2d 1258, 1262–63 (5th Cir. 1986).  *Id.*

However, the FCR clearly notes that Kennedy does not allege TTCU ever told him he did

not have to make his monthly payments until the GAP insurance claim is approved and his

balance was paid in full.  Dkt. No. 19 at 8 ("Kennedy does not provide the exact words

TTCU used or describe the context in which the assurance was given; instead, Kennedy

merely alludes to the general substance of what TTCU told him.").  The Court finds no

error in the Magistrate Judge's conclusion and finding on this issue.  Concluding that

Kennedy's second objection lacks legal merit, the Court overrules it.

Kennedy's third objection is that the Magistrate Judge failed to allow the allegations

in the amended complaint to logically infer that the existence of GAP insurance, combined

with the prediction the insurer would eventually pay off the balance, meant Kennedy owed

no more payments on the vehicle and his remaining balance was zero.  Dkt. No. 20 at 3.

The FCR states "TTCU claimed only that the insurance payout would cover his balance—

which was ultimately the case, Dkt. No. 5 at 4—without also stating that Kennedy no

longer needed to make payments."  Dkt. No. 19 at 8.  The Magistrate Judge further notes

"Kennedy asks the Court to go further and adopt his interpretation of the facts—that

TTCU's assurances discharged his obligation to make monthly payments."  *Id.* n.3.  As

further noted, "Courts are not required to accept such legal conclusions as true."  *Id.* (citing

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court finds no error in the Magistrate

Judge's findings and conclusion on this issue because Kennedy failed to allege sufficient and plausible facts from which a discharge of his obligations may be inferred.  Thus, the Court overrules the third objection.

Kennedy's fourth objection is that the FCR fails to find sufficient factual allegations to support the claim that TTCU's investigation of Kennedy's credit disputes was unreasonable.  Dkt. No. 20 at 4.  Specifically, he contends that the FCR's dismissal of this claim without discovery is inappropriate.  *Id.*  The Magistrate Judge was not required to allow the claim to remain for further discovery if the threshold showing of inaccuracy was not met.  As stated in the FCR, "Kennedy's FCRA claim cannot survive without a threshold showing of inaccuracy."  Dkt. No. 19 at 9 (citing *Spencer*, 2021 WL 4552548, at *6 (N.D. Tex. Sep. 1, 2021)).  Kennedy's fourth objection does not overcome this fatal flaw, and so the Court overrules it.

Kennedy's fifth objection is that the Magistrate Judge erroneously held that his remedy is to file a consumer statement under 15 U.S.C. § 1681i(b)–(c).  Dkt. 20 at 4.  More precisely, Kennedy contends that the consumer statement is a supplemental right and not a substitute for a private right of action under the FCRA.  *Id.*  However, as pointed out by TTCU in its response to the objection, "[t]he Magistrate Judge did not conclude that plaintiff had stated a claim under the FCRA and that the remedy for such a claim was to file a consumer statement."  Dkt. No. 21 at 7.  "Instead, the appropriate remedy is to submit a consumer statement explaining the context around the delinquent payments."  Dkt. No. 19 at 9 (citing 15 U.S.C. § 1681i(b)–(c)).  Accordingly, the FCR states that Kennedy failed to state a claim and he should instead avail himself of the right to submit a consumer statement explaining the delinquent payments.  The Magistrate Judge did not err in such a conclusion.

Kennedy's sixth, and final, objection is that the Court should continue to exercise its supplemental jurisdiction over his state law claim against Assurant. Dkt. No. 20 at 4–5. He argues that judicial economy favors retaining jurisdiction. *Id.* The FCR states that this lawsuit is still in its early stages, trial has not yet occurred, and no prejudice would result to either party if the breach of contract claim is dismissed without prejudice to being refiled in state court. Dkt. No. 19 at 9–10. The Magistrate Judge notes that "[t]he general rule in the Fifth Circuit is that courts should decline to exercise supplemental jurisdiction when all federal claims are dismissed before trial, although this rule is "neither mandatory nor absolute." *Id.* at 9 (quoting *Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)). The Court agrees, and Kennedy's sixth objection is overruled.

The Court has reviewed the well-reasoned FCR and found it compelling and accurate. Accordingly, the Court overrules Kennedy's objections and adopts the FCR's findings and conclusions in full. Even having construed the pleadings in the light most favorable to Kennedy—as Fifth Circuit case law requires—as outlined in the FCR, the Court concludes that Kennedy has failed to state a claim against TTCU. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In sum, the Court agrees with the FCR that Kennedy's claims against TTCU warrant dismissal. *See* Dkt. No. 19 at 5–9. The Court also agrees with the recommendation to abstain from exercising its supplemental jurisdiction over Kennedy's state law breach of contract claim.

**4.      Conclusion**

The Court overrules Kennedy's objections and adopts the FCR in full.[4]  Having reviewed the FCR de novo, the Court hereby adopts the FCR, dismisses Kennedy's claims against TTCU with prejudice, and dismisses his claim against Assurant without prejudice to being refiled in state court.

So ordered on March 23, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[4] Except as described at note 1, *supra*.